IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00181-BNB

KEVIN JAMES O'KELLY,

    Plaintiff,

v.

HARLEY G. LAPPIN, Director,
J. WHITEHEAD, Assistant Warden,
H. A. RIOS JR., Warden,
MICHAEL K. NALLEY, Regional Director,
M. SCHAPPAUGH, Clinic Director,
D. PELTON, P.A.,
A. JOHNSON, P.A.,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR - 6 2006

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Kevin James O'Kelly is incarcerated at the United States Bureau of Prisons and currently is held at FPC Florence. On January 23, 2006, Plaintiff submitted to the Court a *pro se* Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The Court will review the Complaint and construe the document liberally, because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint and allege with specificity how he has exhausted his administrative remedies.

Mr. O'Kelly is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies as to each of his claims. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy burden of pleading exhaustion of administrative remedies, Mr. O'Kelly must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211.

Although Plaintiff asserts that his final administrative appeal was denied on November 2, 2005, he still is required to describe the disposition of his grievances with specificity. Plaintiff, therefore, is instructed to either describe how he has exhausted his claim, including the dates that he filed each step, or, in the alternative, submit evidence of the exhaustion of his administrative remedies. The action will be dismissed if he fails to meet the exhaustion requirement in the Amended Complaint. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of the Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with the Order, to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's "Motion to Direct U.S. Marshals to Serve Defendants," filed January 23, 2006, is denied as both unnecessary and premature.

DATED April 6, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00181-BNB

Kevin James O'Kelly
Reg. No. 26356-051
FPC – Florence
PO Box 5000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 4/6/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk