IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00181-PSF-BNB

KEVIN JAMES O'KELLY,

Plaintiff,

v.

HARLEY G. LAPPIN, Director,
J. WHITEHEAD, Assistant Warden,
H.A. RIOS, Warden,
MICHAEL K. NALLEY, Regional Director,
M. SCHAPPAUGH, Clinical Director,
D. PELTON, P.A., and
A. JOHNSON, P.A.,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Defendants Lappin, Rios, Nalley, and Schappaugh's**[1]

**Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2), and (12)(b)(6)** [Doc. # 34,

filed 8/30/06] (the "Motion").[2]  I respectfully RECOMMEND that the Motion be GRANTED and

that this action be DISMISSED for failure to state a claim upon which relief can be granted.

---

[1]It appears from the record that defendants Whitehead, Pelton, and Johnson have not been served.  Because I find that the plaintiff's claim is barred by 18 U.S.C. § 4126, I do not address the service issue.

[2]The plaintiff was ordered to respond to the Motion on or before September 29, 2006, *Minute Order* [Doc. #36, issued 8/31/06], but no response was received.

# I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*.  I must liberally construe the pleadings of a *pro se* plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).  A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief.  Id.

# II.  BACKGROUND

The plaintiff filed his Second Amended Prisoner Complaint (the "Complaint") on April 26, 2006 [Doc. #10].  At the time he filed his Complaint, the plaintiff was incarcerated by the Federal Bureau of Prisons ("BOP") at the Federal Prison Camp ("FPC") in Florence, Colorado.  The Complaint contains the following allegations:

1.  "Since January 24, 2005 to the present, during his incarceration at FPC Florence, Plaintiff O'Kelly has suffered severe physical pain and functional limitations from an abdominal wall hernia, sustained while working at FPC Florence."  *Complaint*, p. 4, ¶ 1.

2.  The plaintiff was diagnosed with the hernia in the winter of 2005.  Id. at ¶ 5.

2

3.  "The standard of care for Plaintiff O'Kelly's medical condition is a herniorraphy procedure."  <u>Id.</u> at ¶ 7.

4.  "Despite repeated requests for the heriorraphy procedure, defendants have rrfused [sic] to provide such procedure or take other steps to sufficiently alleviate the pain and functional limitations of Plaintiff O'Kelly, caused by the abdominal wall hernia."  <u>Id.</u> at ¶ 8.

The Complaint is brought pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  The Complaint alleges one claim for deliberate indifference to the plaintiff's medical needs in violation of the Eighth Amendment.

## III.  ANALYSIS

The defendants assert that the plaintiff's claim must be dismissed under Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction because 18 U.S.C. § 4126 serves as the exclusive remedy for inmates who are injured on the job.  To the contrary, the Court has jurisdiction over the plaintiff's <u>Bivens</u> claim.  However, as discussed below, the plaintiff does not state a claim for relief under <u>Bivens</u> because 18 U.S.C. § 4126 provides his exclusive remedy.[3]

The plaintiff alleges that the defendants' failure to adequately treat his work-related injury constitutes a violation of the Eight Amendment.  As stated by the Tenth Circuit Court of Appeals:

> [T]he compensation benefits provided for by 18 U.S.C. § 4126(c)(4) constitute the exclusive remedy for "injuries suffered ⋯ in any work activity in connection with the maintenance or operation of the institution [in which the inmates are] confined."  18 U.S.C. § 4126(c)(4); <u>see</u> <u>United States v. Demko</u>, 385 U.S. 149, 153, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966) (accepting § 4126 "as an

---

[3]The defendants also assert that the Court does not have personal jurisdiction over defendants Lappin and Nalley.  Because I recommend dismissal of the case on the merits, I will assume for purposes of the Motion that the Court has personal jurisdiction over all of the defendants.

3

adequate substitute for a system of recovery by common-law torts"); United States v. Gomez, 378 F.2d 938, 939 (10th Cir.1967) (per curiam) (holding that § 4126 "constitute[s] the exclusive remedy for injuries received by federal prisoners while performing assigned prison tasks").  The § 4126 remedy includes claims that subsequent negligence or inadequate medical care caused further injury.  28 C.F.R. § 301.301(b) (2005) (noting that the statute applies to inmates receiving "improper medical treatment of a work-related injury").

Alvarez v. Gonzales, 155 Fed.Appx. 393, 2005 WL 3008788, at *1 (10th Cir. November 10, 2005) (attached to the *Motion* as the second exhibit).  See also Ellis v. Moon, 2006 WL 994317 (D.Colo. April 13, 2006) (attached to the *Motion* as the fourth exhibit).

Accordingly, the plaintiff's Bivens claim is barred by 18 U.S.C. § 4126.

## IV.   CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that this action be DISMISSED for failure to state a claim upon which relief can be granted.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 9, 2007.

4

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge